**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| K.A., <br><br> Petitioner, <br><br> v. <br><br> CHARLES GREEN, <br><br> Respondent. | Civil Action No. 17-3542 (JLL) <br><br> **OPINION** |

**LINARES**, Chief District Judge:

Presently before the Court is the petition for a writ of *habeas corpus* of Petitioner, K.A., filed pursuant to 28 U.S.C. § 2241 (ECF Nos. 1-2). Following an order to answer, the Government filed a response to the petition (ECF No. 5), to which Petitioner replied by filing an emergent motion for a preliminary injunction. (ECF No. 8). The Government thereafter filed a response to that motion. (ECF No. 11). Petitioner has also filed motions to seal the record and an emergent motion for a writ of mandamus (ECF Nos. 13, 15), to which the Government has responded. (ECF Nos. 14, 16). For the following reasons, this Court will deny the petition without prejudice, will deny the emergent motions (ECF Nos. 8, 15), and will grant Petitioner's motion to seal the record (ECF No. 13) only to the extent he requests that he be referred to only by his initials.

**I. BACKGROUND**

Petitioner, K.A., is a native and citizen of Nigeria who entered the United States sometime prior to April 2000. (Document 1 attached to ECF No. 5 at 1). In April 2000, Petitioner was

convicted of possession with intent to distribute a controlled substance within 1000 feet of a school and armed robbery in the Superior Court of New Jersey for Essex County. (*Id.*). Based on that criminal conviction, on August 25, 2008, the Government placed Petitioner into removal proceedings. (*Id.*).

During the pendency of those removal proceedings, Petitioner was temporarily released on bond in 2010. (*Id.* at 2). Petitioner's bond was revoked, however, when he was arrested and placed into criminal custody in April 2011 by the United States Marshals. (*Id.*). Petitioner remained in criminal custody until January 25, 2017, when he was released into the custody of immigration officials and placed once again into immigration custody following the dismissal of his federal criminal charges.[1] (*Id.*). While he had been in criminal custody, however, his immigration proceedings had continued, resulting in his being ordered removed by an Immigration Judge in July 2010, the Board of Immigration Appeals ("BIA") dismissing his appeal of that order in May 2012, and the Third Circuit Court of Appeals denying Petitioner's petition for review of his removal order in April 2013. (*Id.*). Thus, as of May 23, 2012, Petitioner was subject to an administratively final order of removal notwithstanding his then being held on federal criminal charges. (*Id.*). Petitioner has since filed a motion to reopen his removal proceedings, which remains pending before the BIA at this time. (*See* Document 14 attached to ECF No. 11 at 3). Petitioner also filed with the BIA a motion for a stay of removal pending a decision on his motion to reopen, but the BIA denied that motion on August 16, 2017. (*Id.*).

Upon his being returned to immigration custody, the Government made efforts to secure a travel document for Petitioner from the Nigerian Consulate, ultimately resulting in a travel

---

[1] The Government appealed that dismissal, but in filing its appeal specifically consented to Petitioner's removal while that appeal is pending, and expressed an intent to dismiss its appeal should Petitioner be removed from the country. (*See* Documents 2-3 attached to ECF No. 5).

document being issued and Petitioner being scheduled to be removed from the United States via a chartered flight in August 2017. (*Id.* at 3-4). On August 25, 2017, however, Petitioner filed petitions for review of the BIA's denial of his stay motion with both the Third and Ninth Circuit Courts of Appeal.[2] (*Id.*). Although the Third Circuit dismissed the petition for review and denied the motion for a stay outright in October 6, 2017, the Ninth Circuit, pursuant to its rules, issued a temporary stay of removal pending a decision on Petitioner's stay motion in August 2017. (*Id.*); *see also* Documents 1-2 attached to ECF No. 14). On October 11, 2017, however the Ninth Circuit issued a formal order dismissing Petitioner's petition for review for lack of jurisdiction and vacating the temporary stay. (Document 1 attached to ECF No. 14). Petitioner is thus not subject to a stay of removal at this time. (*Id.*). Petitioner is at this time currently detained once again at the Essex County Correctional Facility and is awaiting the issuance of another travel document. (Document 4 attached to ECF No. 11 at 4).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his

---

[2] Petitioner had been moved to Arizona in preparation for his removal from the United States, and it is on that basis that he appears to have filed with both Circuit Courts. (*Id.* at 3-4).

3

claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

**B. Analysis**

**1. Petitioner's motion to redact the record shall be granted**

Initially, the Court notes that Petitioner has requested that this Court redact the record of this matter such that he is referred to only by his initials because his motions to reopen before the BIA, which are referenced in this matter, contain sensitive information which could expose him to danger upon his removal from the United States. Petitioner filed a similar motion with the Third Circuit Court of Appeals, which denied a motion to seal his appellate record in its entirety, but "granted [the motion] to the extent that [the] Court will, and all parties are directed to, refer to Petitioner by his initials." (*See* Document 2 attached to ECF No. 14 at 2). Because Petitioner in his motion to seal asks only that this matter be redacted to only refer to him by his initials, because the Third Circuit has previously granted that same relief under similar circumstances, and because the Government has not opposed that request, this Court will grant Petitioner's request (ECF No. 8) to the extent that Petitioner requests that he be referred to solely by his initials. The Clerk of the Court shall therefore amend the caption of this matter to refer to Petitioner solely by his initials, and the parties shall be directed to refer to Petitioner only by his initials should any further filings be made in this matter.

**2. Petitioner's emergent motion for a preliminary injunction must be denied as moot**

On September 13, 2017, Petitioner filed with this Court an emergent motion for a preliminary injunction and order to show cause in which he argued that, because of the entry of a temporary stay by the Ninth Circuit, he was now detained pursuant to 8 U.S.C. § 1226(c), and that

4

his bond should therefore be reinstated as his detention had become overlong. The fatal flaw in that argument, however, is that it depends entirely on Petitioner being subject to a judicially ordered stay of removal sufficient to render his removal order non-final. While § 1226(c) governs the detention of aliens who have committed certain crimes pending a decision in their removal proceedings, once an alien is subject to a final order of removal, he is instead detained pursuant to 8 U.S.C. § 1231(a). *See Leslie v. Att'y Gen.*, 679 F.3d 265, 268-71 (3d Cir. 2012). A petitioner's detention will only revert to pre-final order status, and thus be governed by § 1226(c), when there is a judicially ordered stay of removal in place or his final order of removal has otherwise been undone. *Id.* Because the Ninth Circuit vacated its temporary stay of Petitioner's removal, Petitioner is not subject to a stay of removal, but is instead currently subject to a binding final order of removal. He is therefore detained pursuant to 8 U.S.C. § 1231(a), not § 1226(c), and Petitioner's injunction motion is thus based on a flawed premise. Petitioner's contention that he is entitled to bond under § 1226(c) is therefore moot insomuch as Petitioner is no longer subject to § 1226(c) detention, and his injunction request based on § 1226(c) (ECF No. 8) must in turn be denied as moot.

### 3. Petitioner's emergency motion for a writ of mandamus must be denied for lack of jurisdiction

Petitioner has also filed with this Court a request for an order granting mandamus relief directing the BIA to consider his arguments for relief from removal as part of his motion to reopen his removal order prior to his being removed from the United States. (ECF No. 15). Although Petitioner asserts in his motion that he is requesting an order requiring the BIA to decide his motion to reopen his removal order which has been pending since August, the chief relief he seeks is a

stay of his removal pending a decision on that motion. Both the BIA and the Third Circuit, however, have already denied Petitioner's requests for a stay, with the Third Circuit specifically stating that stay is not warranted as Petitioner was not likely to succeed on the merits of his motion to reopen because his robbery conviction serves as an aggravated felony sufficient to bar him from the relief he seeks. (*See K.A. v. Att'y Gen.*, Third Circuit Docket No. 17-2869 at Document No. 003112712852). Petitioner's quest for a stay of removal in this Court is thus foreclosed – both the BIA and the Third Circuit have already found that he is not entitled to such a stay pending his motion to reopen before the BIA.

Even were this not the case, however, this Court is without jurisdiction to provide Petitioner with the relief he now seeks. In adopting the REAL ID Act, Congress greatly restricted the jurisdiction of district courts to grant relief to Petitioner's challenging their orders of removal or actions related to such orders. *See* 8 U.S.C. § 1252(a)(5). Pursuant to the Act,

> [n]otwithstanding any other provision of law (statutory or nonstatutory), including [28 U.S.C. § 2241], or any other habeas corpus provision, and [28 U.S.C. §§ 1361 and 1651, the statutes which provide the basis for mandamus jurisdiction,] a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus pursuant to [28 U.S.C. § 2241], or any other habeas corpus provision, [28 U.S.C. §§ 1361 and 1651], and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5). The statute likewise provides that

> [j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this

> section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under [8 U.S.C. § 2241] or any other habeas corpus provision, by [28 U.S.C. §§ 1361 or 1651], or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9). The ultimate result of these statutory provisions is that this Court has been stripped of any and all jurisdiction to consider a request for a stay or removal or to review the actions of the BIA via a writ of mandamus where the issues in question are inextricably linked to a removal order. *See, e.g., Chuva v. Att'y Gen.*, 432 F. App'x 176, 177 (3d Cir. 2011); *see also Verde-Rodriguez v. Atty' Gen.*, 734 F.3d 198, 206-07 (3d Cir. 2013) (the REAL ID Act provided a petitioner with an alternative to habeas corpus for challenges to and related to orders of removal – a petition for review with the Circuit Court – and a petitioner must use that mechanism, and not a habeas petition, to present challenges to his removal order or challenges to defects in such a removal order); *Martinez v. Napolitano*, 704 F.3d 620, 623 (9th Cir. 2012) ("[w]hen a claim by an alien, however it is framed, challenges the procedure and substance of an agency determination that is 'inextricably linked' to the order of removal, [such a challenge in the district court] is prohibited by section 1252(a)(5)"); *Gonzalez-Lora v. Warden Fort Dix FCI*, 629 F. App'x 400, 401-02 (3d Cir. 2015). Because Petitioner's mandamus and stay requests are indirect challenges aimed at his removal order and the BIA's refusal to grant him a stay of that order, this Court lacks jurisdiction to provide Petitioner with the relief he seeks, and his requests for a stay or a writ of mandamus must therefore be denied.

### 4. Petitioner is in any event not entitled to habeas relief

In his petition, Petitioner chiefly argues in his motion that his detention has become overlong and that he is therefore entitled to release from immigration detention. Because

Petitioner, for the reasons explained above, is detained pursuant to 8 U.S.C. § 1231(a) insomuch as he is subject to a final order of removal and is not currently subject to a judicially ordered stay of removal, the propriety of his continued detention pending removal from the United States is governed by the Supreme Court's ruling in *Zadvydas*. In *Zadvydas*, the Supreme Court observed that § 1231(a) requires the Government to detain all aliens subject to a final order of removal throughout a ninety day statutory removal period. 533 U.S. at 683. The Court further noted that the statute permits the Government to continue to detain an alien after the expiration of the ninety-day period so long as the alien's detention remains "reasonably necessary to effectuate the alien's removal. *Id.* at 701. Based on this statutory background, the *Zadvydas* Court ultimately held that an alien may be detained pursuant to § 1231(a) for a period of up to six months following the onset of his removal period during which his detention will be presumed to be reasonable. *Id.* at 701.

Pursuant to the statute, the statutory removal period, and in turn the six month presumptively reasonable period, begins on the latest of three possible dates: the date on which the alien's removal order becomes administratively final by the denial of his appeal by the BIA, the date the Court of Appeals issues a final order in those cases where the alien appeals his removal order and seeks and receives a stay of removal ordered by the Court of Appeals, or "[i]f the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." 8 U.S.C. § 1231(a)(1)(B)(i)-(iii). The ninety day removal period, and in turn the six month reasonable detention period, resets upon the occurrence of any of these three events. *See, e.g., Trujillo-Acosta v. U.S. Dep't of Homeland Sec.*, No. 06-4316, 2007 WL 1299442, at *2 (D.N.J. May 2, 2007); *Gregory v. B.I.C.E./D.H.S.*, No. 06-4008, 2007 WL 708856 (Mar. 6, 2007).

In this matter, Petitioner argues that his removal period began upon the issuance of a final order of removal in 2012, and has thus long since expired. Petitioner in turn argues that his release from criminal custody in 2017 did not reset the running of his removal period because he had not been confined pursuant to a judgment of the district court, but rather had been held in pre-trial detention pursuant to his arraignment. Petitioner, however, makes a distinction the relevant statutory text does not. Section 1231(a)(1)(B)(iii) does not require that Petitioner have been convicted and released from prison to reset the running of his removal period. Instead, the statute specifically states that if "[i]f the alien is detained or confined (except under an immigration process)," his removal period will reset on "the date the alien is released from detention or confinement." *Id.* There is no requirement that the detention arise from a criminal judgment, indeed, the detention need not have been criminal at all. The only relevant statutory requirement is the detention from which the alien was released was not "under an immigration process." *Id.* In his petition, Petitioner clearly states that he was released from criminal pre-trial detention on January 25, 2017, and placed into immigration detention. Because Petitioner was released into immigration custody from non-immigration detention on that date, § 1231(a)(1)(B)(iii) mandates that his removal period began to run on that date. Petitioner's six-month presumptively reasonable period thus runs from that date, and expired at the end of June 2017.

*Zadvydas*, however, does not require that a Petitioner be released from immigration custody merely because the six-month presumptively reasonable period of detention has expired. Instead, where the six-month presumptively reasonable period has passed, an alien will not be entitled to habeas relief unless he can "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Alexander v. Att'y Gen.*, 495 F. App'x 274, 276 (3d Cir. 2012) (quoting *Zadvydas*, 533 U.S. at 701). Where a habeas petitioner

9

can make this initial showing, the Government may continue to detain him where the Government rebuts Petitioner's evidence and shows that the alien's removal remains likely in the reasonably foreseeable future. *Id.*

In this matter, Petitioner has been held pursuant to § 1231(a) for over nine months. During that time, the Government has sought, and obtained, at least one travel document for Petitioner from the Nigerian Consulate notwithstanding the Government's appeal of the dismissal of Petitioner's criminal charges[3] and Petitioner's attempts to reopen his order of removal. Indeed, were it not for Petitioner's eleventh hour motion for a stay with the Ninth Circuit, which provided him with a temporary and now vacated stay of removal, Petitioner would have been removed in August. Petitioner has presented no evidence sufficient to suggest to this Court that his removal is not likely in the reasonably foreseeable future. Indeed, in his multiple motions seeking emergency relief in this matter, Petitioner has essentially argued himself that his removal, absent court action, is very likely to occur in the foreseeable future. As Petitioner has failed to provide the Court with good reason to believe that his removal is unlikely, and because the Government has in any event clearly shown that Petitioner's removal is quite likely in the reasonably foreseeable future now that his temporary stay of removal has been vacated, Petitioner is not entitled to habeas relief.

## III. CONCLUSION

---

[3] To the extent that Petitioner asserts that this outstanding appeal prevents him from being held pending his removal pursuant to 8 U.S.C. § 1231(a), Petitioner has failed in any way to show that he is being held by immigration officials merely to keep him detained while the Government's criminal appeal proceeds. Instead, the Government has provided direct evidence showing that the Government has not only consented to Petitioner's removal notwithstanding their appeal of his criminal charge dismissal, but also that they have already consented to the dismissal of that appeal should he be removed. As the Government has therefore consented to his removal regardless of the appeal, the criminal appeal has no bearing on the legitimacy of Petitioner's being held pending removal. *See* 8 C.F.R. § 215.3(g) (alien can be removed notwithstanding pending criminal charges where the prosecuting authority so consents).

For the reasons expressed above, this Court will grant Petitioner's motion to seal to the extent he requests the Court refer to him only by his initials, will deny Petitioner's motions for an injunction and for mandamus relief, and will deny Petitioner's habeas petition without prejudice. An appropriate order follows.

_____
**JOSE L. LINARES**
Chief Judge, United States District Court