# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| K.A., | Civil Action No. 17-3542 (JLL) |
| Petitioner, | |
| | **OPINION** |
| v. | |
| CHARLES GREEN, | |
| Respondent. | |

**LINARES**, Chief District Judge:

Presently before the Court is Petitioner K.A.'s motion for reconsideration of this Court's final order denying his petition for a writ of *habeas corpus* without prejudice brought pursuant to Federal Rule of Civil Procedure 59(e).[1] (ECF No. 20). For the following reasons, the Court will deny the motion.

## I. BACKGROUND

As this Court previously explained,

> Petitioner, K.A., is a native and citizen of Nigeria who entered the United States sometime prior to April 2000. (Document 1 attached to ECF No. 5 at 1). In April 2000, Petitioner was convicted of possession with intent to distribute a controlled substance within 1000 feet of a school and armed robbery in the Superior Court of New Jersey for Essex County. (*Id.*). Based on that criminal conviction, on August 25, 2008, the Government placed Petitioner into removal proceedings. (*Id.*).

---

[1] In his motion, Petitioner states that he wishes to seek reconsideration under either Local Rule 7.1(i) or Rule 59(e). As Petitioner's motion was filed on or about December 5, 2017, nineteen days after the final order and opinion in this matter, Petitioner's motion would be untimely to the extent that it is raised under Local Rule 7.1(i). *See Smart v. Aramark, Inc.*, 618 F. App'x 728, 730, 730 n. 3 (3d Cir. 2015) (while Rule 59(e) motions are timely if filed within twenty-eight days of the final order, a Local Rule 7.1(i) motion must be filed within fourteen days of the order being challenged); *see also* Local Civil Rule 7.1(i). Thus, the Court will consider the motion solely under Rule 59(e), and will deny the motion as untimely filed to the extent it is filed pursuant to Local Rule 7.1(i).

During the pendency of those removal proceedings, Petitioner was temporarily released on bond in 2010. (*Id.* at 2). Petitioner's bond was revoked, however, when he was arrested and placed into criminal custody in April 2011 by the United States Marshals. (*Id.*). Petitioner remained in criminal custody until January 25, 2017, when he was released into the custody of immigration officials and placed once again into immigration custody following the dismissal of his federal criminal charges.[] (*Id.*). While he had been in criminal custody, however, his immigration proceedings had continued, resulting in his being ordered removed by an Immigration Judge in July 2010, the Board of Immigration Appeals ("BIA") dismissing his appeal of that order in May 2012, and the Third Circuit Court of Appeals denying Petitioner's petition for review of his removal order in April 2013. (*Id.*). Thus, as of May 23, 2012, Petitioner was subject to an administratively final order of removal notwithstanding his then being held on federal criminal charges. (*Id.*). Petitioner has since filed a motion to reopen his removal proceedings, which remains pending before the BIA at this time. (*See* Document 14 attached to ECF No. 11 at 3). Petitioner also filed with the BIA a motion for a stay of removal pending a decision on his motion to reopen, but the BIA denied that motion on August 16, 2017. (*Id.*).

Upon his being returned to immigration custody, the Government made efforts to secure a travel document for Petitioner from the Nigerian Consulate, ultimately resulting in a travel document being issued and Petitioner being scheduled to be removed from the United States via a chartered flight in August 2017. (*Id.* at 3-4). On August 25, 2017, however, Petitioner filed petitions for review of the BIA's denial of his stay motion with both the Third and Ninth Circuit Courts of Appeal.[] (*Id.*). Although the Third Circuit dismissed the petition for review and denied the motion for a stay outright in October 6, 2017, the Ninth Circuit, pursuant to its rules, issued a temporary stay of removal pending a decision on Petitioner's stay motion in August 2017. (*Id.*); *see also* Documents 1-2 attached to ECF No. 14). On October 11, 2017, however the Ninth Circuit issued a formal order dismissing Petitioner's petition for review for lack of jurisdiction and vacating the temporary stay. (Document 1 attached to ECF No. 14). Petitioner is thus not subject to a stay of removal at this time. (*Id.*). Petitioner is at this time currently detained once again at the Essex County Correctional Facility and is awaiting the issuance of another travel document. (Document 4 attached to ECF No. 11 at 4).

(ECF No. 17 at 1–3).

Based on this factual background, this Court entered an order on November 16, 2017,[2] which granted Petitioner's motion to seal only to the extent that Petitioner would be referred to only by his initials in this matter, and denied Petitioner's habeas petition without prejudice because Petitioner was properly subject to detention pursuant to 8 U.S.C. § 1231(a) and had not shown that he was entitled to relief under the Supreme Court's holding in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (ECF No. 18). This Court explained that decision as follows:

> [Petitioner argues] that, because of the entry of a temporary stay by the Ninth Circuit, he [is] now detained pursuant to 8 U.S.C. § 1226(c), and that his bond should therefore be reinstated as his detention had become overlong. The fatal flaw in that argument, however, is that it depends entirely on Petitioner being subject to a judicially ordered stay of removal sufficient to render his removal order non-final. While § 1226(c) governs the detention of aliens who have committed certain crimes pending a decision in their removal proceedings, once an alien is subject to a final order of removal, he is instead detained pursuant to 8 U.S.C. § 1231(a). *See Leslie v. Att'y Gen.*, 679 F.3d 265, 268-71 (3d Cir. 2012). A petitioner's detention will only revert to pre-final order status, and thus be governed by § 1226(c), when there is a judicially ordered stay of removal in place or his final order of removal has otherwise been undone. *Id.* Because the Ninth Circuit vacated its temporary stay of Petitioner's removal, Petitioner is not subject to a stay of removal, but is instead currently subject to a binding final order of removal. He is therefore detained pursuant to 8 U.S.C. § 1231(a), not § 1226(c) . . . Petitioner's contention that he is entitled to bond under § 1226(c) is therefore moot insomuch as Petitioner is no longer subject to § 1226(c) detention[.]
>
> . . . .
>
> . . . Because Petitioner, for the reasons explained above, is detained pursuant to 8 U.S.C. § 1231(a) insomuch as he is subject to

---

[2] The Court's November 16 Order also denied Petitioner's motion for a stay or writ of mandamus and Petitioner's motion for a preliminary injunction. (*See* ECF No. 18). Petitioner does not appear to be challenging the Court's denial of his motion for a stay or writ of mandamus for lack of jurisdiction. (*See* ECF No. 20). Although Petitioner does challenge the denial of his motion for a preliminary injunction in addition to the denial of his habeas petition, his claim in his underlying petition was the same as that presented by his injunction request – that he should be entitled to release from immigration detention on bond. Because the claims, and the Court's decision as to them, are inextricably bound, this Court discusses Petitioner's motion for reconsideration only in terms of the denial of his petition, but the Court's reasoning applies equally to both the denial of his motion for a preliminary injunction and the denial of his petition.

a final order of removal and is not currently subject to a judicially ordered stay of removal, the propriety of his continued detention pending removal from the United States is governed by the Supreme Court's ruling in *Zadvydas*. In *Zadvydas*, the Supreme Court observed that § 1231(a) requires the Government to detain all aliens subject to a final order of removal throughout a ninety day statutory removal period. 533 U.S. at 683. The Court further noted that the statute permits the Government to continue to detain an alien after the expiration of the ninety-day period so long as the alien's detention remains "reasonably necessary to effectuate the alien's removal. *Id.* at 701. Based on this statutory background, the *Zadvydas* Court ultimately held that an alien may be detained pursuant to § 1231(a) for a period of up to six months following the onset of his removal period during which his detention will be presumed to be reasonable. *Id.* at 701.

Pursuant to the statute, the statutory removal period, and in turn the six month presumptively reasonable period, begins on the latest of three possible dates: the date on which the alien's removal order becomes administratively final by the denial of his appeal by the BIA, the date the Court of Appeals issues a final order in those cases where the alien appeals his removal order and seeks and receives a stay of removal ordered by the Court of Appeals, or "[i]f the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." 8 U.S.C. § 1231(a)(1)(B)(i)-(iii). The ninety day removal period, and in turn the six month reasonable detention period, resets upon the occurrence of any of these three events. *See, e.g., Trujillo-Acosta v. U.S. Dep't of Homeland Sec.*, No. 06-4316, 2007 WL 1299442, at *2 (D.N.J. May 2, 2007); *Gregory v. B.I.C.E./D.H.S.*, No. 06-4008, 2007 WL 708856 (Mar. 6, 2007).

In this matter, Petitioner argues that his removal period began upon the issuance of a final order of removal in 2012, and has thus long since expired. Petitioner in turn argues that his release from criminal custody in 2017 did not reset the running of his removal period because he had not been confined pursuant to a judgment of the district court, but rather had been held in pre-trial detention pursuant to his arraignment. Petitioner, however, makes a distinction the relevant statutory text does not. Section 1231(a)(1)(B)(iii) does not require that Petitioner have been convicted and released from prison to reset the running of his removal period. Instead, the statute specifically states that if "[i]f the alien is detained or confined (except under an immigration process)," his removal period will reset on "the date the alien is released from detention or confinement." *Id.* There is no

requirement that the detention arise from a criminal judgment, indeed, the detention need not have been criminal at all. The only relevant statutory requirement is the detention from which the alien was released was not "under an immigration process." *Id.* In his petition, Petitioner clearly states that he was released from criminal pre-trial detention on January 25, 2017, and placed into immigration detention. Because Petitioner was released into immigration custody from non-immigration detention on that date, § 1231(a)(1)(B)(iii) mandates that his removal period began to run on that date. Petitioner's six-month presumptively reasonable period thus runs from that date, and expired at the end of June 2017.

*Zadvydas*, however, does not require that a Petitioner be released from immigration custody merely because the six-month presumptively reasonable period of detention has expired. Instead, where the six-month presumptively reasonable period has passed, an alien will not be entitled to habeas relief unless he can "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Alexander v. Att'y Gen.*, 495 F. App'x 274, 276 (3d Cir. 2012) (quoting *Zadvydas*, 533 U.S. at 701). Where a habeas petitioner can make this initial showing, the Government may continue to detain him where the Government rebuts Petitioner's evidence and shows that the alien's removal remains likely in the reasonably foreseeable future. *Id.*

In this matter, Petitioner has been held pursuant to § 1231(a) for over nine months. During that time, the Government has sought, and obtained, at least one travel document for Petitioner from the Nigerian Consulate notwithstanding the Government's appeal of the dismissal of Petitioner's criminal charges[] and Petitioner's attempts to reopen his order of removal. Indeed, were it not for Petitioner's eleventh hour motion for a stay with the Ninth Circuit, which provided him with a temporary and now vacated stay of removal, Petitioner would have been removed in August. Petitioner has presented no evidence sufficient to suggest to this Court that his removal is not likely in the reasonably foreseeable future. Indeed, in his multiple motions seeking emergency relief in this matter, Petitioner has essentially argued himself that his removal, absent court action, is very likely to occur in the foreseeable future. As Petitioner has failed to provide the Court with good reason to believe that his removal is unlikely, and because the Government has in any event clearly shown that Petitioner's removal is quite likely in the reasonably foreseeable future now that his temporary stay of removal has been vacated, Petitioner is not entitled to habeas relief.

(ECF No. 17 at 4–5, 7–10).

On December 5, 2017, Petitioner filed with this Court a motion seeking reconsideration of the Court's denial of his motion to seal the record and the denial of his habeas petition. (ECF No. 20). In challenging the denial of his *habeas* petition, Petitioner argues that he should now once again be considered to be detained under 8 U.S.C. § 1226(c) because, on December 5, 2017, he received a stay of removal from the Third Circuit Court of appeals. (*Id.* at 2–3). In making that argument, Petitioner admits, however, that he was not subject to a stay of removal at the time this Court decided his petition, as the temporary stay he previously received had been vacated by the Ninth Circuit. (*Id.* at 2). Petitioner also seeks reconsideration of this Court's limited grant of his motion to seal the record. (*Id.* at 3–4). The Government did not file a response to this motion, despite ample opportunity to do so. (ECF Docket Sheet).

## II. DISCUSSION

### A. Legal Standard

The scope of a motion to amend a judgment pursuant to Rule 59(e) is extremely limited. *See Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). A Rule 59(e) motion may be employed "only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* "Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [decided the motion], or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.2d 237, 251 (3d Cir. 2010)). In this context, manifest injustice "generally . . . means that the Court overlooked some dispositive factual or legal matter that was presented to it," or that a "direct, obvious, and observable" error occurred.

*See Brown v. Zickefoose*, Civil Action No. 11-3330, 2011 WL 5007829, at *2 n. 3 (D.N.J. 2011). While evidence will qualify as "newly discovered" if the party presenting it "could not earlier submit [it] to the court because [it] was not previously available," *Blystone*, 664 F.3d at 415–16, a Court reviewing a reconsideration motion brought pursuant to Rule 59(e) can "not consider any events that took place after" the completion of briefing of the matter or the Court's entry of judgment. *See Cottrell v. Good Wheels*, 458 F. App'x 98, 101 (3d Cir. 2012).

**B. Analysis**

**1. Petitioner's request for release on bond**

Petitioner first contends that this Court should reconsider its prior decision denying him *habeas* relief because, several weeks after this Court denied Petitioner's habeas petition, the Third Circuit Court of Appeals granted Petitioner a stay of removal in his appeal from the denial of his motion to reopen his removal order. (*See K.A. v. Att'y Gen.*, Third Circuit Docket No. 17-3640 at Orders dated December 5, 2017 and December 18, 2017). Petitioner thus argues that, because he is now subject to a stay of removal, his detention status will revert back to § 1226(c) detention, and he should now be entitled to a bond hearing. (ECF No. 20). In making that argument, Petitioner does not assert that the Court overlooked any relevant fact or legal authority in rendering its decision in November 2017, nor that there has been an intervening change in the law controlling his case. Petitioner likewise does not argue that the Court's prior Order reached an incorrect conclusion based on the facts then in existence.

Instead, Petitioner asks the Court to consider events which occurred *after* the Court rendered its decision. The Court, however, may not consider in a motion for reconsideration events which occurred after a final decision was reached. *Cottrell*, 458 F. App'x at 101. As the Court cannot consider these events which post-date the Court's decision on Petitioner's *habeas* claims,

7

as Petitioner has not shown that the Court's prior order resulted in a manifest injustice, and because Petitioner has failed to show that the Court committed any clear error of fact or law in its decision based on the situation that existed at the time the Court reached its decision, Petitioner's reconsideration motion must fail. *Id.*; *see also Blystone*, 664 F.3d at 415-16. The Court will therefore deny Petitioner's Rule 59(e) motion as to the Court's denial of his *habeas* petition at this time. Petitioner is free, however, to file a new *habeas* petition challenging the state of his detention as it presently exists as the Court's denial of his petition was without prejudice to the filing of a new petition upon changed circumstances and it appears Petitioner's circumstances have indeed changed.

**2. Petitioner's motion to seal**

In his motion, Petitioner also repeats his request that the Court order the sealing of the documents filed in this matter, or in the alternative for the redaction of all names in the record to initials. The only argument that Petitioner makes in support of his allegation that this Court should reconsider its limited grant of his prior request is his belief that the Court inadvertently considered a request for the redaction of his name in the caption and documents in this matter the full extent of his request. Petitioner, however, is mistaken. The Court did not ignore the full thrust of his request that all documents be either sealed or redacted in this matter, but instead concluded that ordering the parties to refer to Petitioner only by his initials was the only relief warranted by Petitioner's request to seal the record.

The Third Circuit has held that "there is a presumption of access to judicial records." *Jankowski v. Extendicare Homes, Inc.*, 436 F. App'x 66, 67 (3d Cir. 2011) (citing *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)). A "party seeking to seal a portion of the judicial record

bears the burden of demonstrating that 'disclosure will work a clearly defined and serious injury to the party seeking disclosure,'" and a "party who seeks to seal an entire record faces an even heavier burden.'" *Id.* (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)). "[B]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient to warrant the sealing of the judicial record." *Id.* (quoting *In re Cendent Corp.*, 260 F.3d at 194).

In his motion to seal the record, Petitioner offered little more than vague allegations that he was a member of "particular social groups subject to harm and treatment in the country he has been designated to be removed to," without providing further explanation other than to assert that he provided information to the Government in his immigration proceedings in confidence. Given the vague nature of Petitioner's request which is insufficient to warrant the sealing of the entire record, *see Jankowski*, 436 F. App'x at 67-68, the fact that immigration *habeas* documents are already subject to limited access restrictions through the Court's electronic docketing system, and the fact that the Third Circuit when faced with a similar request by Petitioner has previously denied requests by Petitioner to seal the entire record and instead has granted his requests only to the extent of referring to Petitioner by his initials (*see* Document 2 attached to ECF No. 14 at 2),[3] this Court concluded that following the Third Circuit's lead and granting only that limited form of relief was warranted by Petitioner's request to seal the record. Nothing Petitioner has submitted in his motion for reconsideration suggests that this conclusion was in error, nor has Petitioner pointed to any relevant fact or legal issue the Court overlooked in reaching its conclusion. Petitioner has likewise failed to provide any new evidence, or show that the Court's limited grant

---

[3] The Court also notes that the Third Circuit has repeated this same course – denying a request to seal the entire record but granting a seal request only to the extent of directing the parties to refer to Petitioner by his initials – in Petitioner's appeal from the denial of his motion to reopen immigration proceedings. (*See K.A. v. Att'y Gen.*, Third Circuit Docket No. 17-3640 at Order dated December 18, 2017).

of Petitioner's motion to seal the record would work a manifest injustice.[4] Petitioner's motion for reconsideration shall therefore also be denied as to the request to seal the record.

## III. CONCLUSION

For the reasons expressed above, this Court will deny Petitioner's Rule 59(e) motion. An appropriate order follows.

Date: February 27, 2018

JOSE L. LINARES,
Chief Judge, United States District Court

---

[4] The Court also notes that, in filing his motion, Petitioner declined to follow the Court's order directing the parties to refer to him only by his initials, as he refers to himself by name several times in the documents he filed with his Rule 59(e) motion, which to some extent undercuts Petitioner's bald assertion of a manifest injustice resulting from his name being placed in the record.